# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Peter De Lamos,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>Dennis Mastro;<br>John Doe (1-12) being fictitious persons<br>male or female which identity is unknown<br>at the present time;<br>and X and Y corporations 1 thru 10<br>inclusive (being individual whether male<br>of female and/or business entities of<br>whatever legal form)<br>　　　　　　Defendants. | Civ. Action No. 10-2025<br><br>**OPINION** |

PISANO, District Judge.

Plaintiff Peter De Lamos brings this action against Defendant Dennis Mastro alleging damages stemming from a partnership agreement with the Defendant. Plaintiff alleges claims of breach of fiduciary duty, accounting, conversion, unjust enrichment, theft and embezzlement, fraud and civil conspiracy to commit fraud. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1332 because this case is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

Presently before the Court is both Defendant's motion to dismiss and motion to transfer this matter to the District of Arizona pursuant to U.S.C. § 1404. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has carefully considered the submissions of the parties and, for the reasons below, Defendant Mastro's motion to transfer venue to the District Arizona shall be granted.

I.     **Background**

Plaintiff Peter De Lamos has brought this action against Defendant Dennis Mastro, alleging that Mastro used assets obtained from joint business ventures for his own personal use. Compl. ¶¶ 7, 8. Plaintiff alleges that Mastro controlled these assets, used them for purposes unrelated to the business, and did so without keeping appropriate records of the transactions or seeking approval from the other partners. *Id*. ¶¶ 8, 10.

Plaintiff De Lamos is a resident of New Jersey. *Id*. ¶ 3. Defendant Mastro is a resident of Arizona and has substantial business relations in Nevada. *Id*. ¶ 4. De Lamos and Mastro have been business partners and have owned and operated businesses in New Jersey, Pennsylvania, Florida, Kentucky, and Nevada since 1974. *Id*. ¶ 25. However, the business in controversy in this suit is Scott Park and Golf Center located in Arizona. *Id*. ¶ 16. Since this is the only property at issue in the Plaintiff's Complaint, it is the only property that will be discussed and considered by the Court in this matter.[1]

During the course of their ongoing business relationship, the parties purchased Scott Park and Golf Center. *Id*. ¶ 16. De Lamos and Mastro were initially partners with an agreement to share ownership and profits equally. *Id*. This agreement was modified to include Oscar Goodman, Esq., the current mayor of Las Vegas, as a partner. *Id*. ¶¶ 16, 17. The final business agreement for profit and ownership distribution was changed to a shared interest of 25% for De Lamos, 25% for Goodman, and 50% for Mastro. *Id*. In addition to the partnership arrangement, De Lamos agreed to give Mastro several loans for the modeling and completion of Scott Park and Golf Center, totaling several hundreds of thousands of dollars. *Id*. ¶ 18. De Lamos obtained some of these loans from banks and investments in New Jersey. *Id*. ¶32.

---

[1] Plaintiff provides extensive history and information regarding the prior dealings of the partnership between the Plaintiff and the Defendant, but to the extent that such dealings have no relation to the property and transactions in dispute, they will not be considered by the Court.

In 1999, Scott Park was acquired by the Municipality of Scottsdale, Arizona through eminent domain. *Id*. ¶ 36. Plaintiff asserts that Mastro claimed that the net proceeds of this transaction equaled $600,000 when the net proceeds were allegedly $1,261,008.35. *Id*. ¶¶ 36, 37. De Lamos discovered the alleged discrepancy in 2008 due to other legal actions being brought against Mastro. *Id*. ¶ 38. Mastro purportedly hid the difference by lying about the proceeds of the sale of Scott Park, and by altering documents to reduce the amount of taxes owed for this property. *Id*.

Plaintiff alleges that Defendant Mastro used these funds to purchase other properties in Arizona and California, and is therefore entitled to an interest in these properties. *Id*. ¶¶ 22-24, 37, 40-43. Plaintiff also asserts that money is still owed to him from the loans he gave Mastro for Scott Park. *Id*. ¶ 33.

Defendant argues that this case should be transferred to Arizona because virtually every aspect of the business transactions involving Scott Park and Golf Center took place in Arizona.[2] Scott Park, the projects that were purchased from the sale of Scott Park, and the communication surrounding this property had no connection to the state of New Jersey. Def.'s Br. 6-9. Additionally, all parties involved in this suit (witnesses, former employees, accountants, and bookkeepers) reside in or near the state of Arizona, except the Plaintiff. Def.'s Br. 11, 12.

Plaintiff, on the other hand, opposes the transfer. Plaintiff argues that the District of New Jersey is the proper venue for the case. Pl.'s Br. 5. However, instead of refuting Defendant's justification for transfer, the Plaintiff proposes that if the Court chooses to transfer the case the transfer should be to Nevada where he alleges there is more contact and relations to this case than in Arizona. Pl.'s Br. 5–7.

---

[2] Plaintiff alleges that he borrowed money from sources in New Jersey to help Mastro fund Scott Park renovations. Compl., ¶32. The only other mention of the Defendant in relation to the state of New Jersey in Plaintiff's Complaint is unrelated to the current issue before the court. *Id*. ¶ 29-31.

## II.     Legal Standard

This Court has the authority to transfer this action, in its discretion, to the District of Arizona pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that a district court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to a district in which the action might have been brought.  28 U.S.C. § 1404(a).  However, the plaintiff's choice of forum should not be lightly disturbed.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Accordingly, the moving party has the burden to establish that the proposed transferee forum is a proper forum and that a balancing of the proper interests weighs in favor of transferring the case there.  *See id.* at 879; *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) ("The moving party [pursuant to § 1404(a)] must thus prove that 'its alternative forum is not only adequate, but more convenient than the present forum.'" (quoting *Hudson United Bank v. Chase Manhattan Bank*, 832 F. Supp. 881, 888 (D.N.J. 1993))).

## III.    Legal Discussion

### a. The District of Arizona is a "District in which this Action Might Have Been Brought" Under Section 1404(a).

First, this Court must determine if the District of Arizona is a "district in which this action might have been brought" pursuant to section 1404(a).  A district is one in which an action "might have been brought" if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue.  *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970); *High River Ltd. P'ship v. Mylan Laboratories, Inc.*, 353 F. Supp. 2d 487, 493 (M.D. Pa. 2005); *CIBC World Mkts., Inc., v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d at 643-44.  The Third Circuit made clear in *Shutte v. Armco Steel Corp.* that the relevant considerations in this regard are jurisdiction and venue:

> [A] transfer is authorized by [§ 1404(a)] only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; *i.e.*, venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants."

*Shutte*, 431 F.2d at 24.

The Court finds that the District of Arizona is a district where this action might have been brought because (1) it has subject matter jurisdiction in the form of diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are both from different states and the amount in controversy exceeds $75,000; (2) personal jurisdiction is appropriate in the District of Arizona since the defendant is a citizen of the forum state; and (3) venue is proper because this is the place where events giving rise to the claim occurred pursuant to 28 U.S.C. § 1391.

Thus, the Court finds that the District of Arizona is a district where this action might have been brought.

### b. The District of Arizona is the More Convenient Forum and it is in the Interests of Justice to Transfer this Action to that District

Next, the Court must determine if the Defendant has established that the District of Arizona is the more appropriate and convenient forum to hear this matter. Although emphasizing that "there is no definitive formula or list of factors to consider," the Third Circuit has set forth a variety of private and public interests for the Court to consider in determining whether to transfer this case under section 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995).

The private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the extent that they may be unavailable for trial in one of the fora;

and (6) the location of sources of proof such as books and records to the extent that the records could not be produced in the alternative forum.  *See, e.g., Jumara*, 55 F.3d at 879.

The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *See, e.g., Jumara*, 55 F.3d at 879.

In considering the above factors, the Court finds that the relevant interests weigh in favor of transferring this case to the District of Arizona.  Although substantial deference is typically given to Plaintiff's choice of forum, the Court affords less deference to Plaintiff's forum choice in this case because the private interests weigh more toward transferring this case to the District of Arizona.  A substantial portion of the events that form the basis of this claim occurred in Arizona and the real property in dispute, Scott Park and Golf Center, is located in Arizona.  Compl. ¶¶ 16, 18, 19-24, 36-43, 49.  Additionally, some of the projects that the Plaintiff alleges an ownership interest in are also located in Arizona.  *Id*. ¶¶ 41, 49.

The only connection this matter has to the present forum is that Plaintiff is a citizen of New Jersey.  The defendant and most of the potential witnesses (both party and non-party witnesses) reside in and around Arizona.  Def.'s Br. 11.  Current and former employees of Scott Park, bookkeepers, and accountants are also located mostly in Arizona.  Def.'s Br. 12.

Given the fact that Scott Park and Golf Center is located in Arizona, that most of the events surrounding this claim occurred in Arizona, and that the Defendant and many of the witnesses live in Arizona, it is clear that litigating this matter in the District of Arizona is a more

appropriate forum than New Jersey. The Court, having considered all of the relevant factors, finds that transfer of this matter is appropriate and in the interests of justice. Defendant's motion shall be granted, and this matter transferred to the District of Arizona.[3]

## IV. Conclusion

For the reasons set forth above, Defendant's motion to transfer is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: August 5, 2010

---

[3] Since transfer has been granted, the Court will not address Defendant's argument in his motion to dismiss. For the same reason, the Court will also not address the other claims alleged in Plaintiff's Complaint.